IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

       **Plaintiff/Respondent,**

v.                            No. CV 12-0874 JCH/LAM
                                   CR 10-3100 JCH

**EDWARD BUSSIE,**

       **Defendant/Movant.**

**ORDER DENYING MOTION FOR DEFAULT JUDGMENT
AND ORDER TO SHOW CAUSE**

**THIS MATTER** is before the Court on Defendant/Movant's (hereinafter "Defendant) *Motion to Grant Default Judgment as no Further Genuine Issue of Material Fact Remains to Refute* (*Doc. 8*),[1] and *sua sponte* on the question of Defendant's current address.

On August 21, 2012, the Court ordered Plaintiff/Respondent (hereinafter "the Government") to answer Defendant's Section 2255 motion by September 11, 2012. [*Doc. 2*]. On August 31, 2012, the Government filed a motion for extension of time to September 27, 2012 to file its answer (*Doc. 4*), which the Court granted by text-only order (*Doc. 5*).[2] The Government filed a timely answer to Defendant's motion on September 27, 2012. [*Doc. 7*]. On December 7, 2012, Defendant filed a motion for default judgment against the Government for failure to contest the Section 2255 motion. [*Doc. 8*]. To the contrary, the Government's answer squarely challenges the assertions in

---

[1] Unless otherwise noted, all referenced documents are from Case No. CIV-12-0874.

[2] While Defendant states in his motion for default judgment that he did not receive a copy of the Court's order granting an extension of time for the Government to file an answer (*Doc. 8* at 2), the record of this case shows that a copy of the text-only order entered by the Court was mailed to Defendant at his address of record on the date the order was entered (September 4, 2012).

the Section 2255 motion. *See* [*Doc. 7*]. Moreover, the Government on December 10, 2012, filed a response to Defendant's motion for default judgment stating that, in case Defendant had not received a copy of the Government's response to the Section 2255 motion, the Government was mailing a second copy to him under separate cover. [*Doc. 10* at 2]. On December 26, 2012, Defendant filed a reply to the Government's response to his motion for default judgment. [*Doc. 11*].

"[D]efault judgment is normally 'available only when the adversary process has been halted because of an essentially unresponsive party' and 'the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights.'" *Petersen v. Carbon County*, No. 98-4010, 156 F.3d 1244, 1998 WL 458555, at *4 (10th Cir. Aug. 6, 1998) (unpublished) (quoting *Ruplinger v. Rains (In re Rains)*, 946 F.2d 731, 732-33 (10th Cir. 1991)). Because the Government has not "failed to plead or otherwise defend," as required under Fed. R. Civ. P. 55(a) for an entry of default judgment, the Court must deny the motion for default judgment. The Court ordered the Government to answer the Section 2255 motion and the Government complied by filing its answer on September 27, 2012.

Furthermore, the Court notes *sua sponte* that a recent mailing[3] to Defendant was returned undelivered with an illegible "Return to Sender" notation on the envelope (*Doc. 12*), and the record contains no other address for Defendant. It, therefore, appears that Defendant has been released from custody or transferred without advising the Court of his new address, as required by D.N.M. LR-Civ 83.6, and has severed contact with the Court. Defendant's apparent failure to comply with the Court's local rules by failing to advise the Court, in writing, of his current address, demonstrates a lack of interest in litigating his claims, which may subject him to dismissal of this

---

[3] The Court has determined that the mailing was Document 11, Defendant's reply to the Government's response to Defendant's motion for default judgment, which was mailed to Defendant on December 26, 2012.

action for lack of prosecution. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.") (citations and footnote omitted); *Martinez v. Internal Revenue Service*, 744 F.2d 71, 73 (10th Cir. 1984) ("Courts have the inherent power to impose a variety of sanctions on both litigants and attorneys in order to regulate their docket, promote judicial efficiency, and deter frivolous filings.") (citations omitted); and *Thornton v. Estep*, No. 05-1263, 209 Fed. Appx. 755, 757, 2006 WL 3705038 (10th Cir. Dec.18, 2006) (unpublished) (holding that the district court did not abuse its discretion by dismissing *pro se* inmate's petition for a writ of habeas corpus for failure to prosecute due to inmate's failure to comply with local rule regarding notification to the court of inmate's change of address). The Court, therefore, will require Defendant to show cause why his Section 2255 motion should not be dismissed. Failure to respond may result in dismissal of this proceeding without further notice.

**IT IS THEREFORE ORDERED** that *Motion to Grant Default Judgment as no Further Genuine Issue of Material Fact Remains to Refute (Doc. 8)* is **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that, **within fourteen (14) days from** entry of this order, Defendant file a response with his current address or otherwise showing cause why his complaint should not be dismissed. The Clerk is directed to mail a copy of this order to Defendant at address shown on the Court's docket. **Defendant is hereby notified that failure to respond to this order may result in dismissal of his case without further notice.**

**IT IS SO ORDERED.**

*Lourdes A. Martínez*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**